By the Coubt.
Woodruff, J.
— Since the decision of this case at the General Term in March 1857, an application was made for a resettlement of the case. That application was granted, and the case has been resettled and again submitted. It now appears that the late Chief Justice, who presided at the trial, while the defendants were giving evidence in relation to the origin and consideration of the checks, and the habits of dealing between the defendants and Solinger and others, the parties to whom the cheeks were advanced, stated to the defendants’ counsel that it was unnecessary to pursue that branch of the case further. That it was evident that Solinger and the parties concerned with him could not recover upon the checks, and that no further testimony was requisite upon that point; from which suggestion there was no dissent by the plaintiff’s counsel.
It is not very elear that this alone renders any further consideration of the case on our part necessary. It may be conceded that, as between the defendants and Solinger and others, the checks were purely accommodation checks, upon which the latter could not recover as against the makers, and yet their transfer in payment of a debt which they owed be perfectly good. It is we apprehend settled, that the holder of an accommodation note or check may use it either to pay or secure what he owes, and *312 with the same validity and effect as if he borrows money and uses it for the like purpose. Indeed the view we have taken of this branch of the case on the former hearing, is not materially altered by the amendments, save only that the concession that Solinger and others could not themselves recover on the checks, seems to have been assumed before the close of the trial.
But it further appears by the case as now resettled, that the Chief .Justice, before receiving the verdict, stated “ that, in his opinion, there was but a single point in the case, and that was whether,—notwithstanding Solinger and the others concerned with him could not recover upon the checks,—the plaintiff was a holder for value from them, in such a way as to entitle him to recover upon the checks?” and thereupon he directed the jury to find for the,plaintiff, subject to the opinion of the Court; and although he is stated to have reserved the point whether, under the evidence, the plaintiff is entitled to recover, the indication is, as the case is now settled, that he contemplated the one question above stated, as the only material question to be considered by the General Term.
Payment of a pre-existing debt is a sufficient consideration to constitute the recipient of negotiable paper made by a third person, a Iona fide holder for value. Whatever doubt was thrown upon that question by one of the opinions in Stalker v. McDonald (6 Hill, 93), is removed by the case of Youngs v. Lee (2 Kern., 553), where it is held that a note received by the plaintiffs, in extinguishment of a demand upon a note not yet due, such latter note being surrendered, constituted the plaintiffs holders for value; and that they were entitled to recover, although the note so received was an accommodation note, and had been diverted from the purpose for which it was made.' In White v. Springfield, Bank (3 Sandf. S. C. R., 222) the subject is fully discussed ; there the note in suit was diverted from the purpose for which it was made and delivered to the payees—the payees delivered the note to the defendant, and received from the defendant their own draft held by the defendant. The latter was adjudged a holder for value, and entitled to recover on the note.
In The Bank of Sandusky v. Scoville (24 Wend., 115) the plaintiffs had discounted a note to extinguish a debt due by one Ward *313 to the hank, and the avails went so far to discharge his liability to them. Practically, they took the note in part payment of Ward’s liability to them; it did not appear that the bank gave up anything, and yet the bank was held a holder for value.
The acceptance of the note of a third person as payment of a debt, when so agreed, is an extinguishment of the previous demand; and unless the debtor in some manner continues his liability, by indorsement or guarantee, recourse to him is lost. (Noel v. Murray, 3 Kern., 168.)
In this case the proof was unqualified and uncontradicted, that these checks were received by the plaintiff in payment; and he gave an unqualified credit of the amount in extinguishment of a corresponding sum due to him. The evidence thus shows a taking of these checks as so much cash, without recourse to his debtor, and at his own risk as to the solvency or insolvency of the drawers.
In The New York Marbled Iron Works v. Smith (4 Duer, 362), the proof was that the note was made for a special purpose; that it was diverted from that purpose, and that the maker received no consideration therefor; and that the plaintiffs received it in payment for goods previously sold and delivered to the payee of the note. The plaintiff was held entitled to recover. The language of this Court in General Term is as follows (p. 377): “ Since our judgment in White v. The Springfield Bank, . . . the law, at least in this Court, must be considered as settled, that the satisfaction of a precedent debt is as truly a valuable consideration for the transfer of a negotiable bill or note, as the advance in cash of its amount at the time of the transfer.”
This decision of our own General Term we should not feel at liberty to disregard, if the various conflicting dicta to be found in other cases made us otherwise doubtful of the plaintiff’s right to recover on this ground.
Upon- the whole case we conclude, as before, that the plaintiff is entitled to judgment upon the verdict. Many of the points discussed on the former argument are not affected by the resettlement of the case. The opinion then given must be taken as our opinion herein, so far as the case is unaltered.